IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JAMES L. WAYNE,

Plaintiff,

vs.

STATE OF NEBRASKA, ROB JEFFREYS, Director, Nebraska Dept. of Corrections; JERRY LOVELACE, Medical Dir., Nebraska Dept. of Corrections; MICHAEL MEYERS, Warden, Douglas County Dept. of Corrections; WELLPATH HEALTH CARE SERVICES, and WEXFORD HEALTH SOURCES INC.,

Defendants.

**8:26CV226**

**MEMORANDUM AND ORDER**

Before the Court is a motion filed by Plaintiff James L. Wayne ("Plaintiff"), seeking the appointment of counsel (the "Motion to Appoint Counsel"), Filing No. 14. The Motion to Appoint Counsel shall be denied without prejudice.

"There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting

testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time. While Plaintiff argues that appointment of counsel is appropriate due to the complexity of the case, the need to take depositions and perform outside research, his lack of legal training, and his incarcerated status, his motion is premature. Because Plaintiff is incarcerated and proceeding in forma pauperis,[1] the next step in his case will be for the Court to conduct an initial review of his claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). Until such initial review is completed, appointment of counsel is premature.

Therefore, Plaintiff's motion for appointment of counsel shall be denied without prejudice to reassertion. The Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion for appointment of counsel, Filing No. 14, is denied without prejudice.

2. Plaintiff is advised that the next step in his case will be for the Court to conduct an initial review of his claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court will conduct this initial review in its normal course of business.

[1] *See* Filing No. 8 (granting Plaintiff leave to proceed in forma pauperis).

Dated this 19th day of August, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge